

**FILED**
DEC 03 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WEBB, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Defendant. | CIV. #12-4206 <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Michael Webb, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit involving uninsured motorist coverage (UM), medical payments coverage and insurer bad faith brought by Plaintiff Michael Webb ("Plaintiff") against Defendant United Services Automobile Association ("USAA"). Webb was injured in an automobile accident. The tortfeasor was insured by Northern Plains Insurance at the time of the collision. Northern Plains Insurance is now insolvent, rendering the tortfeasor uninsured under South Dakota law. (*See* Exhibit A). Plaintiff seeks to be made whole pursuant to the uninsured motorist coverage and medical payment coverage available to him as an insured under his policy with USAA.

## PARTIES

1. Plaintiff Michael Webb is a citizen of the State of South Dakota and resident of Lincoln County.

2. Upon information and belief, Defendant USAA is a corporation duly organized and existing under the laws of the State of Texas, with a principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Defendant provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number 00520 92 98U 7101 8 ("the Policy"). *See* Exhibit B. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiff was an insured under the Policy, which provided uninsured coverage up to a limit of One Hundred Thousand Dollars ($100,000). *See* Exhibit B.

7. On July 12, 2012, while the Policy was in force, the Plaintiff was injured in an automobile accident. *See* Exhibit C. The accident and the Plaintiff's resulting injuries and other damages were the fault of Zachariah Lenning. The collision between Lenning and the Plaintiff's vehicle was solely and proximately caused by Lenning's negligence. Lenning subsequently pled guilty to a citation filed against him as a result of the accident.

8. The tortfeasor and the vehicle that he was driving were insured by Northern Plains Insurance which is now insolvent, rendering the tortfeasor's vehicle uninsured under South Dakota law.

## COUNT ONE
### (Breach of Contract - UM Benefits)

9. Plaintiff hereby realleges paragraphs 1-8 and all previous paragraphs and incorporates them as though fully set forth herein.

10. By virtue of its Policy of insurance in effect on July 12, 2012, and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff uninsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred on July 12, 2012.

11. Plaintiff has made a demand for his uninsured motorist benefits, but his demand has been denied.

12. Plaintiff seeks recovery of UM benefits from the Defendant for Plaintiff's uncompensated damages, in accordance with the terms of the Policy.

## COUNT TWO
### (Breach of Contract – Failure to Make Medical Payments)

13. Plaintiff hereby realleges paragraphs 1-12 and all previous paragraphs and incorporates them as though fully set forth herein.

14. By virtue of the Policy of insurance in effect on July 12, 2012, and the Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay for medical bills incurred by the Plaintiff up to Five Thousand Dollars ($5,000) as a result of the automobile accident caused by the tortfeasor on July 12, 2012.

15. Plaintiff's medical bills incurred in connection with the July 12, 2012, collision were submitted to the Defendant for payment.

16. Defendant refused to pay the Plaintiff's medical bills and thereby breached the medical payments coverage of the Policy.

17. Plaintiff seeks to recover medical payment benefits from the Defendant for the Plaintiff's medical bills in accordance with the terms of the Policy.

### COUNT THREE
### (Bad Faith- Failure to Pay Med Pay Benefits)

18. Plaintiff hereby realleges paragraphs 1-17 and all previous paragraphs and incorporates them as though fully set forth herein.

19. Because the Policy constituted a contract of insurance between the Plaintiff and the Defendant, there existed an implied covenant of good faith and fair dealing between them.

20. The Plaintiff suffered a medical payment loss within the policy period that was compensable under the terms of the Policy, provided timely notice to the Defendant of the occurrence giving rise to coverage, and demanded payment of medical bills associated with the loss.

21. The Defendant has been provided with all information necessary to review Plaintiff's claims and make payments on the same.

22. The Defendant has denied Plaintiff's claim for medical payments coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

23. The Defendant knew that there was a lack of reasonable basis for denial of the claim or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

24. The Defendant's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's attorneys fees pursuant to SDCL § 58-12-3;

(2) For Plaintiff's costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 3rd day of December, 2012.

JOHNSON, HEIDEPRIEM
& ABDALLAH, L.L.P.

BY _____
Scott A. Abdallah  (sabdallah@jhalawfirm.com)
Shannon R. Falon  (shannon@jhalwfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon